By the Court,
Co wen, J.
It is not said, in the agreement whether the bills might be drawn on time or not; but flour enough was to be sent by the 15th of June for the payment of them. It is sufficient to say, with the circuit judge, that a construction which should allow bills on any length of time, however remote, would be unreasonable. The flour Was to be furnished for sale by the 15th of 'June, the avails to be appropriated to the payment of the bills, which we think should not, therefore, have been made payable beyond that day, as all of them were, except the $2000 and $5000 bills. The construction contended for by the plaintiffs would have entitled them to receive the flour, obtain its avails and hold these for any length of time agreed on for the bills between them and E. S. Townsend. It accords better with the course of commercial business to suppose an intent that the flour should be sold and applied presently, on or before the 15th of June. Had the parties intended it to answer bills payable afterwards, they would probably have said so.
It is, therefore, as observed by the circuit judge, unnecessary to say whether the contract did or did not confine the parties to bills payable on sight. It is sufficient that they had no right to fix the time beyond the day mentioned for the arrival of the flour.
But it is insisted that, as all the bills were set out in the declaration, and this claimed that they had been drawn within the contract, and they were all proved, the plaintiffs were at least entitled to a verdict, and the appropriate disposition of the question was by motion in arrest of judgment * not for a nonsuit. Two of the bills were averred and proved to hate been properly drawn. These alone were sufficient to support the action pro tanto. The counts, averments and proof as to the others might be rejected, and yet the action be considered as well brought. The matter *186 shown in defence, or rather the defensive matter proved by the plaintiff, viz. the arrival of flour enough to pay all the defendants owed him, was the ground of nonsuit. It is the same as if he had stopped with proving an available demand, and the defendant had then shown a receipt in full or a release. Either would he a good ground of nonsuit. That the plaintiff had alleged and proved something over and above his good cause of action, but which was entirely impertinent, would form no answer to the motion.
The general rule is laid down in Safford v. Stevens, (2 Wend* 163,) on the authority of Cameron v. Reynolds, (Cowp. 403, 407.) It is, that if the plaintiff, on an issue joined upon his declaration, prove every thing contained in it, the remedy is by arrest. In the latter case, the court granted relief by arrest, though there was also good ground for a nonsuit. The reason given was, that the defendant might have demurred. But the declaration was there bad as a whole. If it be good in part, there is matter for a material issue, and a sound verdict for the plaintiff. This may be limited to the good matter. The plaintiff then has a legal cause of action on the record. Failing to make it out, the very ground of nonsuit mentioned by the chancellor in Safford v. Stevens is laid ; viz. that the proof is not sufficient to support the declaration. This rule is satisfied if the evidence be, on the whole, plainly insufficient, whether it he given in support or defeasance of the action ; whether it come from the plaintiff or defendant. (Gregory v. Mack, 3 Hill, 380.) Take a count in slander for instance, which contains different sets of words, some actionable and some not. On an issue, the plaintiff fails to prove any actionable set; or, if he prove them all, the defendant answers by a clear accord and satisfaction; no one would deny that either the failure or the answer would present a case for nonsuit.
New trial denied»